NORTHERN TEXAS TRACTION CO. v.
EVANS.

(Court of Civil Appeals of Texas. Texarkana.
Dec. 5, 1912. Rehearing Denied
Jan. 2, 1913.)

1. APPEAL AND ERROR (§ 837*)—QUESTIONS
REVIEWABLE—INSTRUCTIONS—EVIDENCE.

The court on appeal, in determining
whether instructions were probably confusing,
must consider the evidence.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3262–3278; Dec. Dig. §
837.*]

2. APPEAL AND ERROR (§ 1170*)—REVERSAL
— TECHNICAL ERROR—INSTRUCTIONS — MIS-
LEADING INSTRUCTIONS.

In an action for injuries to a street car
passenger, the passenger testified that after
signaling the car to stop he walked to the rear
platform, with a bundle in his left hand, at
the same time holding to the support placed
there for passengers, and rested his right hand
against the car door, and was thrown from
the platform by a violent jerk of the car. The
conductor testified that the passenger stood
on the step with bundles in both hands, not
holding to anything, and that he fell without
any unusual movement of the car. The court
charged that if the motorman caused the car
to give a violent jerk and was negligent in so
doing, and such negligence was the proximate
cause of the accident, the passenger could re-
cover, and that the passenger must exercise
ordinary care, and if he took a position on the
step without taking hold and was negligent in
so doing, and the negligence was the proxi-
mate cause of the injury, there could be no
recovery. It also charged that if the passen-
ger had bundles in both hands and went on
the steps and lost his balance, and the fall
was not due to any sudden movement of the
car, there could be no recovery. Held, that
the issues were sufficiently presented, and fail-
ure to qualify the first charge by making a
finding for the passenger contingent on a find-
ing of freedom from contributory negligence
must be disregarded, as required by court rule
62a, because the error did not cause an im-
proper verdict.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 4540–4545; Dec. Dig. §
1170.*]

3. TRIAL (§ 315*)—VERDICT—MISCONDUCT OF
JURY.

Where the jury differed as to the amount
of the recovery and agreed to divide by 12 the
sum each should name, but it was understood
that the method was not to be binding as to
the result, and a verdict was thereafter agreed
to by all, the court properly refused to set
aside the verdict on the ground that it was ar-
rived at by an improper method.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 740, 741; Dec. Dig. § 315.*]

Appeal from District Court, Tarrant Coun-
ty; W. T. Simmons, Judge.

Action by L. W. Evans against the North-
ern Texas Traction Company. From a judg-
ment for plaintiff, defendant appeals. Af-
firmed.

Capps, Cantey, Hanger & Short and Wm.
L. Evans, all of Ft. Worth, for appellant.
A. J. Clendenen, of Ft. Worth, for appellee.

HODGES, J. The appellee recovered a
judgment against the appellant in the court
below for personal injuries resulting from
the alleged negligent operation of an inter-
urban car. The evidence shows that the ap-
pellee was a passenger on the appellant's
interurban car running between Ft. Worth
and Dallas; that just before the car reached
his station he gave the signal for the car to
stop, and walked to the rear end for the
purpose of getting off. He testified that he
took a position on the edge of the platform.
He had with him at the time a bran sack
and a large tin can, both of which were par-
tially filled with some materials which he
was carrying home. He claims that while
standing in that position the car was caused
to give a sudden stop, or made a lurch or
jerk, which threw him to the ground and
caused the injuries for which he sued. The
conductor of the car, who was the only eye-
witness to the accident, testified that after
giving the signal to stop the appellee walked
to the rear end of the car and took a posi-
tion on the step; that he had the bran sack
in one hand and the can in the other, and
while in that position fell to the ground.
Both the conductor and the motorman testifi-
ed that the car made the usual gradual stop,
and that there was no sudden or unusual
jerk or lurch made. According to their tes-
timony, the place where the appellee fell
was approximately 30 feet west of the point,
or station, where the stop is usually made.

[1, 2] As a part of his general charge the
court gave the following: "Now, if you find
and believe from the evidence that the plain-
tiff, L. W. Evans, was a passenger on one
of the cars of the defendant on the date
alleged in his petition, and that, when said
car approached the point where plaintiff de-
sired to disembark from said car, plaintiff
caused the conductor to signal the motorman
to stop the car at said station, and you fur-
ther find and believe from the evidence that
the motorman in charge of said car caused
the same to be brought to a stop with a sud-
den and violent jerk or jolt of said car, and
that his doing so, if he did, was negligence
as the same is hereinbefore defined, and that
such negligence, if any, was the proximate
cause of plaintiff's injury, if any, and if
you believe that plaintiff was injured as al-
leged, then you will find for the plaintiff
such a sum as you may find and believe from
the evidence would, if paid now, reasonably
compensate the plaintiff for such physical
or mental pain, or both, as you may find
from the evidence he suffered, if any, and for
such further sum as will reasonably compen-
sate the plaintiff for lost time while totally
disabled from such injury, if he was so dis-
abled, and for such doctor's bills as you may
find that he reasonably and necessarily paid,
or became liable to pay by reason of such
injuries, and for his diminished capacity, if
any you find resulted from such injury, to
labor and earn money in the future." Appel-
lant complains that this charge, though it

may be correct in other respects, ignores the defense of contributory negligence. That portion of the appellant's answer which is relied upon as pleading this defense is, in substance, as follows: That plaintiff upon that occasion, and before the car came to a stop, walked off the platform and onto the step leading from the car, having at the time in his hands, or arms, large and cumbersome bundles which rendered it dangerous for him to attempt to alight from the car while it was in motion, and to get on the rear platform and step before it came to a full stop; that, notwithstanding this danger, while the car was still in motion plaintiff took a position on the step, and in doing so, or attempting to do so, lost his balance and fell to the ground; that the car came to a stop at the station in the usual manner and without any unusual jerk or jar; that the defendant did nothing which in any way caused the plaintiff to fall; that his fall was due to his own negligence and awkwardness in having the bundles before mentioned and being thereby unable to support himself by grasping the handholds placed upon the car for the use of passengers in alighting. In a subsequent portion of his general charge the court instructed the jury as follows: "It was the duty of plaintiff to exercise ordinary care for his own personal safety, and if you find from the evidence that on the occasion in question he, while said car was in motion, took a position on the step of same, and did not take hold of the handholds on the car, and if you further believe the taking of such a position, and the failure on the part of plaintiff, if any, to hold said handholds, was negligence upon his part, and if you further believe that the same was the proximate cause of his injuries, or if you find and believe from the evidence that while plaintiff was occupying a position on the step of said car, if he did occupy such position, he lost his balance and fell from said car while the same was in motion, and that he was not thrown by any sudden jerk or lurch of the same, then it will be your duty to find for the defendant." At the instance of counsel for appellant he also gave this special charge: "You are further instructed, gentlemen of the jury, that if you find and believe from the evidence on the occasion in question that plaintiff had a partly filled sack in one hand and a can in the other hand, and that he got on the steps of defendant's interurban car with the above-described articles in his hands and while the same was in motion, and that for any reason he lost his balance and fell and thus sustained his injuries, and such fall was not due to any sudden movement of any kind of said car, then it will be your duty to find and return a verdict in favor of the defendant."

Counsel for appellant contend that these charges presented such a conflict to the ju-rors that they were left without any legal guidance and were at liberty to follow any course they saw fit. There was no conflict unless it can be said that the pleading and the evidence presented the defense of concurring negligence on the part of the plaintiff. If the conduct with which he is charged was the sole cause of his fall, unaccompanied by any jerk or jar of the car which could be attributed to negligence on the part of the defendant's employés, and that defense is the one relied on, then there was no conflict. In determining whether the jury was probably confused by the charge, we must have recourse to the evidence. There were but two eyewitnesses who testified to this occurrence—the plaintiff and the conductor in charge of the car. The plaintiff says that his bundles consisted of a bran sack and a tin can, both of which were partially filled with some scraps from a restaurant, and that they were on the rear platform. After giving the signal to stop, he walked to the rear platform, caught an ear of the sack in his left hand, and was at the same time holding to the support placed there for passengers; that his right hand was resting against the car door, and the can was on the floor. He says he was not on the step, but was on the platform next to the step; that while in this position the car made a violent jerk or jolt, which threw him off. The conductor says that plaintiff was standing on the step of the car, with the sack in one hand and the can in the other, not holding to anything, and fell from that position; that there was no unusual jerk or movement of the car. In this last statement he was corroborated by the motorman. If the plaintiff's statement be true, his fall was due entirely to an unusual and violent motion of the car, and he could not be found guilty of contributory negligence. If the conductor's statement be true, the fall was due solely to the carelessness of the plaintiff himself. The charges presented the issues made by this conflicting testimony in such a manner that the jury would not be confused or misled by any technical conflict. It has heretofore been the policy of our Supreme Court to reverse causes where errors of law are committed, unless it clearly appeared that no injury resulted. T. & P. Ry. Co. v. McCoy, 90 Tex. 266, 38 S. W. 36; M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508. Within the last few months the Supreme Court had adopted the following rule: "62a. No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such

as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error." We understand this to indicate that in future a different policy will be observed in passing upon errors of law when assigned. A just regard for that rule would forbid a reversal of this case for this particular error, if it be true. We do not think the jury would have reached a different conclusion had the charge contained a qualification making the finding for the plaintiff contingent upon a further finding that he was free from contributory negligence.

The charge upon the burden of proof to establish contributory negligence was not erroneous, because the facts of this case do not bring it within the rule invoked by appellant. G., C. & S. F. Ry. Co. v. Hill, 95 Tex. 629, 69 S. W. 136.

[3] The verdict returned by the jury was for $1,977. No complaint is made that it is excessive or that it is unsupported by the evidence. It is claimed, however, that it was arrived at by an improper method. There was a difference among the jurors as to how much the plaintiff was entitled to recover. They finally agreed to divide by 12 the sum of what each should name. On the motion for new trial the court heard testimony and determined that there was no such irregularity as should vitiate the verdict. There was testimony that it was understood that this method was not to be binding on the jurors as to the result, and further that the verdict was thereafter agreed to by all. We do not feel warranted in saying that the trial judge was not justified in concluding as he did upon that issue.

The remaining assignments are without merit, and are overruled.

The judgment is affirmed.