GULF STATES TELEPHONE CO. et al. v.
EVETTS. (No. 5631.) *

(Court of Civil Appeals of Texas. Austin.
May 10, 1916. Rehearings Denied
June 21, 1916.)

1. APPEAL AND ERROR ⚙⟷1033(5) — INSTRUC-
TIONS—RIGHT TO COMPLAIN.

In a telephone lineman's action for personal
injury, where the court, at his request, instruct-
ed that the burden was on him to show that
when he executed the release offered by defend-
ant he did not have sufficient mental capacity to
understand the nature of his act, the defendant
could not complain thereof because it imposed a
greater burden than the law required.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 4056; Dec. Dig. ⚙⟷
1033(5).]

2. APPEAL AND ERROR ⚙⟷882(12)—RIGHT TO
COMPLAIN—PARTY INVITING ERROR.

In such case, and even if the instruction was
technically erroneous, the defendant was in no
position to complain thereof, where a similar
charge requested by it was given.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. § 3602; Dec. Dig. ⚙⟷
882(12).]

3. TRIAL ⚙⟷143—TAKING CASE FROM JURY.

Where the evidence upon the issues raised in
a lineman's action against his employer for per-
sonal injury was such that the jury could find
a different verdict, the defendant's requests for
a peremptory instruction upon the issues were
properly refused.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 342, 343; Dec. Dig. ⚙⟷143.]

4. RELEASE ⚙⟷4—UNDERSTANDING OF EFFECT.

Where an injured lineman was incapable of
knowing and appreciating the effect of the re-
lease, he was not competent to authorize his
brother to execute it for him.

[Ed. Note.—For other cases, see Release, Cent.
Dig. § 1; Dec. Dig. ⚙⟷4.]

5. MASTER AND SERVANT ⚙⟷222(1)—MASTER'S
LIABILITY—SAFE PLACE TO WORK—INSPEC-
TION—LINEMAN.

The master must furnish a reasonably safe
place for his servant to work, and a telephone
lineman was not required to inspect a pole to
ascertain whether it would be dangerous to climb
it before obeying the commands of his superior.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 648; Dec. Dig. ⚙⟷222(1).]

6. TRIAL ⚙⟷252(11)—INSTRUCTIONS—ASSUMP-
TION OF FACT.

In a lineman's action for personal injury
from a shock from electricity escaping from an
electric light wire to a guy wire attached to a
telephone pole, a charge, assuming that he knew
that the electric light wire was charged with
electricity, was properly refused, where the evi-
dence failed to show such knowledge.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 603; Dec. Dig. ⚙⟷252(11).]

7. TRIAL ⚙⟷350(6)—SPECIAL ISSUES—MATERI-
ALITY.

In lineman's action for injury from shock
from electricity from an electric light wire in
contact with a guy wire attached to telephone
pole, request to require jury to say whether con-
tact of wires was due to the lowering of the guy
wire or the raising of the electric light wire was
properly refused, as the issue was immaterial.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 830; Dec. Dig. ⚙⟷350(6).]

8. TRIAL ⚙⟷260(8)—REQUESTED INSTRUCTIONS
—GIVEN INSTRUCTIONS.

Defendant's requested charges were properly
refused, where the court had charged generally
upon the phases of negligence covered thereby.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 657; Dec. Dig. ⚙⟷260(8).]

9. MASTER AND SERVANT ⚙⟷291(1)—INJURIES
TO SERVANT—ACTIONS—REQUESTED INSTRUC-
TIONS—REFUSAL.

Defendant telephone company's requested
charges on certain phases of negligence were
properly refused, when the answers sought to be
elicited thereby, if favorable to the defendant,
would not have authorized a judgment for it
over against its codefendant, an electric light
company.

[Ed. Note.—For other cases, see Master and
Servant, Cent. Dig. § 1133; Dec. Dig. ⚙⟷
291(1).]

10. RELEASE ⚙⟷57(1) — VALIDITY — SUFFI-
CIENCY OF EVIDENCE—UNDERSTANDING.

In a lineman's action for personal injuries,
where it appeared that his release to his employ-
er was executed a few days after his injury,
while he was in bed under the influence of medi-
cines and suffering from his injury, and where
there was evidence tending to show that he was
then incapable of understanding the nature of
his release, the Court of Civil Appeals would
not set aside a verdict for plaintiff and grant a
new trial on the ground that the evidence was
insufficient to show that plaintiff, when he exe-
cuted the release, did not understand its nature
and effect.

[Ed. Note.—For other cases, see Release, Cent.
Dig. §§ 106, 107; Dec. Dig. ⚙⟷57(1).]

11. NEW TRIAL ⚙⟷44(1) — DISCRETION OF
TRIAL COURT — MISCONDUCT OF JURY —
AMOUNT OF VERDICT.

The denial of a motion for a new trial on the
ground of misconduct of the jury because one of
them said that they should not fix their verdict
at a certain amount, because the attorneys
would get half of it, and another juror who knew
nothing about what the attorney's fee in the case
would be and whether it had been paid or not,
cautioned the first, stating that they could not
consider that, and where a motion by one of the
jurors to give a larger verdict was lost, was not
an abuse of the trial court's discretion.

[Ed. Note.—For other cases, see New Trial,
Cent. Dig. §§ 80, 105; Dec. Dig. ⚙⟷44(1).]

12. DAMAGES ⚙⟷132(2)—EXCESSIVE DAMAGES
—INJURY TO ARM.

A verdict of $15,280.30, awarded to a line-
man, 24 years of age, earning from $1.50 to $2
per day, with a reasonable expectation of greater
earnings in the future, shocked by electricity,
knocked unconscious, and severely burned about
arm, breast, and hand, and who suffered great
pain for a considerable time, and who at the
trial six months afterwards still had a fever, and
whose arm was likely to be permanently useless
and a menace to his health, whose weight was
reduced and whose nervousness prevented sound
sleep, in the absence of any showing that the ju-
ry were actuated by improper motives in reach-
ing the amount of the verdict, would be allowed
to stand.

[Ed. Note.—For other cases, see Damages,
Cent. Dig. § 373; Dec. Dig. ⚙⟷132(2).]

13. TRIAL ⚙⟷251(8) — INSTRUCTIONS — CON-
FORMITY TO PLEADINGS.

In a telephone lineman's action for injury by
electricity from the wire of an electric light com-
pany joined as a defendant, the company's re-
quested charge that it was not bound to provide
a reasonably safe place for plaintiff to work, and
could not be held liable for the negligence, if any,
on the part of his employer in failing to do so,

⚙⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was properly refused, where no such issue was raised by the pleadings.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 593; Dec. Dig. ☞251(8).]

14. MASTER AND SERVANT ☞291(1)—NEGLIGENCE OF EMPLOYER — LIABILITY OF ANOTHER.

Such charge was properly refused, because in no event could the electric light company be responsible for the negligence of plaintiff's employer, a telephone company.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1133; Dec. Dig. ☞291(1).]

15. ELECTRICITY ☞14(1) — WIRES — NEGLIGENCE.

Notwithstanding the wires of an electric company were originally properly constructed, it was bound to maintain them in such condition as to prevent their coming in contact with other wires that might be thereafter stretched across the street, and also to keep them properly insulated.

[Ed. Note.—For other cases, see Electricity, Cent. Dig. § 7; Dec. Dig. ☞14(1).]

16. TRIAL ☞260(1)—REQUESTED INSTRUCTION—GIVEN INSTRUCTION.

A requested instruction was properly refused, where the court had given a proper charge upon its subject-matter.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 651; Dec. Dig. ☞260(1).]

17. TRIAL ☞143—TAKING CASE FROM JURY—EVIDENCE.

In a telephone lineman's action for personal injury, joining an electric light company as a codefendant, the refusal of the light company's request for a peremptory instruction was proper, where the jury could pass a different verdict upon the evidence upon the issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 342, 343; Dec. Dig. ☞143.]

18. TRIAL ☞240 — ARGUMENTATIVE INSTRUCTION.

An argumentative instruction was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 561; Dec. Dig. ☞240.]

Appeal and Error from District Court, McLennan County; E. J. Clark, Judge.

Action by John W. Evetts against the Gulf States Telephone Company and W. W. Deyerle, owner and manager of the McGregor Electric Light Company, with prayer by each of the defendants that in case of judgment against it, it have judgment over against its codefendant. Judgment for plaintiff against both defendants jointly, and the Gulf States Telephone Company appeals, and the Light Company brings error. Affirmed.

Henry B. Marsh of Tyler, and Scott & Ross and Pat M. Neff, all of Waco, for appellant. Williams & Williams, of Waco, for appellee.

## Statement of the Case.

RICE, J. This suit was brought by appellee against the Gulf States Telephone Company, a private corporation, hereafter called the Phone Company, and W. W. Deyerle, the owner and manager of the McGregor Electric Light Company, hereafter referred to as the Light Company, to recover damages sustained by him on the 17th of October, 1914, while in the employ of the former as a lineman, predicated on the alleged negligence of both of said companies. Prior to the accident, each of the companies had constructed a line of poles and wires over and along the principal streets of the town of McGregor in the operation of their business, and, among others, along West Sixth and Jackson streets, the former running east and west and the latter north and south, and intersecting each other. The Phone Company's poles were erected and its wires extended along the north side of West Sixth street, while the Light Company's poles were set and its wires extended along the south side of that street. The Phone Company had stretched a guy wire from a pole on the north side of West Sixth street, diagonally southwest across said street to another pole standing near the intersection of Jackson and West Sixth streets, which guy wire ran below three and above one of the wires of the Light Company, with which it later came in contact. This guy wire was not insulated, and the insulation had worn off of the light wire for about 12 inches at such point of contact, thereby permitting electricity to escape from the light wire to the guy wire. On the day in question appellee was ordered by his foreman to climb the pole on the north side of West Sixth street, to investigate some trouble supposed to be about the cable above this wire, and, while passing the guy wire, which had become charged with 1,100 volts of electricity from the light wire, came in contact therewith, and received an electric shock, severely burning him and permanently injuring his left arm, rendering the same useless.

It is alleged that the Phone Company was negligent in stretching said guy wire through the electric light wires, and in such close proximity thereto as to permit them to come in contact with each other, and in not having the guy wire insulated near the poles to which it was attached, so that its employés would not be exposed to danger in the event of contact; that it was also negligent in directing appellee to climb said pole, with the knowledge that said wires were in contact, and in not warning him of the danger that he was about to encounter, and in permitting said wires to remain in contact with each other, and in thus failing to furnish appellee with a reasonably safe place in which to work.

The grounds of negligence charged against the Light Company were: (1) In constructing and maintaining its wires so as to permit them to come and remain in contact with the guy wire of the Phone Company; (2) in not having said wires sufficiently insulated to prevent the escape of electricity therefrom; (3) negligence in permitting one of its poles to

lean at the top and thereby pull the light wire against the guy wire.

The Phone Company answered with specific denials of each of the acts of negligence charged against it; further set up that whatever injuries appellee suffered were inflicted by reason of the negligence of the Light Company, for which it was in no way responsible, and, further, that it was only a passive tort-feasor in the matter complained of, and that the Light Company was the primary and active tort-feasor—praying that, in the event appellee should recover against it, it have judgment over against its codefendant therefor. It also pleaded contributory negligence and assumed risk, and set up in bar of appellee's right to recover a release executed by him to it, wherein, for the sum of $50 cash paid and the assumption upon its part of all doctor and drug bills occasioned by his injuries, appellee released it from all claim for damages by reason of the injury.

The Light Company answered by general demurrer, express denials of the acts of negligence charged against it, and specially pleaded that its poles and wires were constructed long before the Phone Company's poles and guy wire were placed and extended across said street, and therefore it could not have been negligent in regard thereto; that if the insulation on its wires was worn off at the point of contact, it was not occasioned by any negligence on its part, but on account of the negligence of the Phone Company, or some one else in no way connected with the Light Company. It further alleged that appellee himself had constructed the guy wire in the manner alleged while an employé of the Phone Company, and therefore he could not be heard to complain of the injuries received therefrom. It also alleged that at the time the guy wire was extended across the street through its wires, none of the insulation on the latter had been rubbed off, and if such insulation was ever thereafter rubbed off, it was by reason of the guy wire's being so negligently constructed by appellee; alleging that appellee knew the condition of said wire at the time of his injury; and, further, that the Phone Company was negligent in placing said guy wire between the electric light wires, which was the direct and proximate cause of the injuries sustained by appellee; and prayed for judgment over against the Phone Company, in the event any judgment should be rendered against it.

Appellee, in reply to the plea in bar, alleged that at the time of the execution of such release he was under the influence of medicine that greatly impaired his reasoning faculties, and rendered him incapable of appreciating the effect of the instrument signed, and the nature and extent of his injuries.

The case was submitted to a jury upon special issues, and judgment rendered for appellee against both defendants jointly, based upon the findings of the jury, in the sum of $15,280.30, from which the Phone Company has appealed and the Light Company has sued out its writ of error.

The facts, briefly stated, show that the guy wire of he Phone Company was stretched through the light wires and in such close proximity thereto as rendered their contact not only possible, but probable; that it was not insulated, and was a good conductor of electricity; that for several months prior to the accident, the guy wire had been allowed to remain in contact with the light wire where it crossed same, at which place the insulation was worn off the light wire, which facts had been known to each of the managers of both companies for some time prior to the accident, and no steps had been taken by either to remedy such condition; that at the time of the accident the light wire was charged with 1,100 volts of electricity, which, by reason of such contact and lack of insulation, was transmitted to the guy wire.

The facts, also, we think, justify a finding that appellee, without knowledge of the fact that the guy wire was so charged with electricity, climbed the pole at the direction of his foreman for the purpose stated, and came in contact with such wire, from which he received the injuries complained of.

### Opinion.

Separate briefs have been filed for both appellant and plaintiff in error, the former of which will be first considered. The principal questions involved in this appeal, outside of complaints as to charges given and refused, upon which a reversal is asked, are: (1) That appellee was guilty of contributory negligence and not entitled to recover; (2) that he was barred from recovery by reason of the execution of the release pleaded by appellant; (3) the misconduct of the jury in arriving at a verdict; and (4) that the amount thereof was excessive.

We think the charge on the subject of contributory negligence was sufficient to present this issue under the evidence, and that the court did not err in giving same, as complained of by appellant, for which reason all the assignments complaining thereof are overruled.

We disregard the first assignment, for the reason that it is not briefed in accordance with the rules governing this court.

[1, 2] The second question presented is as to the validity of the release executed by appellee to appellant, which was pleaded in bar of his right to recover. On this subject the court, in effect, charged the jury at the request of appellee that the burden of proof was upon him to show that at the time he executed the release in evidence he did not have sufficient mental capacity to know and understand and appreciate the nature, extent, effect and result of his act. This charge is complained of as erroneous by ap-

pellant under its second and third assignments. This instruction put the burden of proof on appellee on this issue, and appellant has no right to complain thereof because it imposed a greater burden than the law required. Even if it could be regarded as technical error, appellant is in no position to complain, since it requested, and the court gave, a charge in effect similar to the one assailed.

[3] We overrule the fourth and fifth assignments, which are based upon the court's refusal to give two special charges, each of which were, in effect, peremptory instructions in favor of appellant upon the issue presented, for which reason they should not have been given, because upon the issues raised there was evidence on which the jury could base a different verdict. See Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059.

[4] If appellee, as the jury found from the evidence, was incapable of knowing and appreciating the effect and extent of the release signed, certainly he was not competent to authorize his brother to execute the same for him; which was a sufficient reason to decline to give the charge complained of in the fifth assignment.

[5, 6] Special charges Nos. 3 and 4, which form the basis of the sixth and seventh assignments of error, should not have been given. The third was properly refused because it, in effect, imposed upon appellee the duty of investigating and ascertaining whether it would be dangerous to climb said pole before doing so; whereas, the law imposes the duty upon the master of furnishing a reasonably safe place for his servant to work, and does not require the latter to make an inspection before obeying the commands of his superior. Second, because this charge assumed that appellee, Evetts, knew at the time he climbed the pole, that the electric light wire was charged with electricity, the evidence failing to show any such knowledge on his part. The fourth special charge was properly refused because it assumed that appellee knew, at the time he climbed the pole, that the electric light wire was charged with electricity, which was not true, and, further, because it was equivalent to a peremptory charge upon the issue involved.

[7] The evidence showing that the guy wire and electric light wire were in contact with each other, appellant requested, and the court refused to submit, its sixth special issue to the jury, which required them to answer whether this contact was due to the lowering of the guy wire or the raising of the electric light wire, and its refusal is the basis of the eighth assignment. This requested instruction being upon an immaterial issue, the court properly refused the same.

[8, 9] Special charges Nos. 8 and 9, requested by appellant, upon which assignments 9 and 10 are predicated, were properly refused: First, because the court had charged generally upon the phases of negligence pleaded and shown by the evidence; and, second, if it be conceded that the answers sought to be elicited by each of said charges would have been favorable to appellant, it would not, in our opinion, have authorized a judgment for it over against the Light Company.

[10] The twelfth and thirteenth assignments complain of the action of the court in overruling appellant's motion for a new trial, for the reason, among others, that the evidence was insufficient to show that at the time of the execution of the release on the part of appellee he did not understand the nature and effect thereof. Without going into detail, it is sufficient, we think, to say that the release was executed within a few days after appellee's injury, while he was in bed, under the influence of medicine and suffering from the wounds inflicted upon him. There is evidence showing and tending to establish the fact that at said time he was incapable of understanding the nature and effect of this release, for which reason we do not feel called upon to set aside the verdict of the jury, and therefore overrule these assignments.

[11] The verdict of the jury is assailed on the ground of misconduct in this, that after retiring to consider the case, one of the jurors said, in effect, that they should not fix their verdict at $7,000 or $10,000, because the attorneys would get half of it. Without going into a full review of the evidence submitted on this phase of the case on motion for new trial, it is sufficient to say that it appeared therefrom that one of the jurors, when this matter was mentioned, cautioned, the others, stating that they could not consider that, and nothing more was said about it. On cross-examination it appeared that the juror who made this remark knew nothing about what the attorney's fees in the case would be—whether the same had been paid or not—and that his remark was based upon a mere conjecture. And it was further shown that a motion was made by one of the jurors to give a verdict for $22,000, but after considerable discussion as to various amounts by different jurors, the verdict rendered was finally agreed upon by all of them. The charge of misconduct in this respect was within the sound discretion of the trial court, who heard and considered the testimony of the jurors on the motion for new trial. Unless we can say that this discretion was abused, we have no right to disturb the verdict on this ground. See H. & T. C. R. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606, where it was held by the Supreme Court, Mr. Chief Justice Brown delivering the opinion, that the trial judge was in better position to form a correct conclusion in examining the jurors than that court could from the record, for which reason it refused

to disturb the verdict. In the same case (137 S. W. 731), where a similar question was under consideration, this court held in an opinion rendered by Mr. Justice Jenkins that there was no merit in the contention as to the alleged misconduct of the juror Bishop, on the ground that the statement was a mere expression of opinion, and not the statement of a fact purporting to be within the knowledge of the juror. For other cases discussing this question, see San Antonio Traction Co. v. Cassanova, 154 S. W. 1190; Galveston, H. & S. R. Co. v. Pinjenet, 142 S. W. 93; Foley v. Northrup, 47 Tex. Civ. App. 277, 105 S. W. 231; M., K. & T. Ry. Co. v. Brown, 140 S. W. 1175; Same v. Blalack, 128 S. W. 706.

[12] It is seriously urged on the part of appellant that the verdict is excessive and entirely disproportionate to the injury sustained. We differ with appellant in this contention. The evidence showed that the appellee is a young man, 24 years of age, earning from $1.50 to $2 a day at the time of his injury, with a reasonable expectation that his earnings would be greater in the future; that he was seriously and severely burned about the arm, breast, and hand; that the shock knocked him unconscious, and in falling from the pole his trousers caught on one of the steps, from which he was shortly thereafter removed; that he suffered great pain and torture for a considerable time; that at the trial, which occurred more than six months thereafter, he still had fever from the effects of the injury; that his arm was devoid of feeling; that it would always be a menace to his health, and that it might finally have to be amputated; that it frequently became numb, and he suffered from the effects of cold; that prior to the injury he was stout and healthy, weighing 148 pounds, and since that time his weight had been considerably reduced; that it rendered him nervous and prevented his sleeping soundly. The effect of the evidence was to show that his arm would never be of any service, and was practically useless to him, and that he would likely continue to suffer from it as long as he lived. In the absence of anything showing, or tending to show, that the jury were actuated by improper motives in reaching the amount of the verdict, and where the same does not shock the conscience of the court, we think it should be allowed to stand. The following cases are referred to in support of this view: G., H. & S. A. Ry. Co. v. Still, 100 S. W. 182; Same v. Stevens, 94 S. W. 395; Railway Co. v. Blalack, 128 S. W. 706; Railway Co. v. Brown, 140 S. W. 1175; City of Galveston v. Ponainsky, 62 Tex. 135, 50 Am. Rep. 517; G., C. & S. F. Ry. Co. v. Greenlee, 62 Tex. 351; Michie's Dig. vol. 13, p. 404, and cases cited. This being a matter entirely for the consideration of the jury, and nothing being shown to impeach the fairness of their conclusion in this respect, it becomes our duty to sustain their verdict.

There was no affirmative error in the charge of the court on the subject of contributory negligence, as complained of in the first and second assignments of error of the Light Company, plaintiff in error herein. Besides this, at the instance of that company the court gave a specific charge on this subject, for which reasons those assignments are overruled.

[13, 14] Plaintiff in error requested the court to instruct the jury, as part of the law of the case, that it was under no duty to provide a reasonably safe place for appellee, as an employé of the Phone Company, in which to work, and cannot be held liable for the negligence, if any, on the part of the Phone Company in failing so to do. This charge was properly refused: First, for the reason that no such issue was raised by the pleadings or evidence; second, because in no event could plaintiff in error be responsible for the negligence of the Phone Company, and the record discloses no effort to do so, for which reason the third assignment is overruled.

[15, 16] Plaintiff in error requested the court to charge that in the maintenance of its wires near the intersection of West Sixth and Jackson streets, it was only required to use ordinary care to avoid the escape of electricity from its wires to such other wires that it might reasonably anticipate would be erected and maintained at or near the intersection of those streets. In our opinion this charge was properly refused. Notwithstanding the wires were originally properly constructed, the duty remained with plaintiff in error to maintain them in such condition as to prevent their coming in contact with other wires that may have been thereafter stretched across said street, and also to keep them properly insulated. Furthermore, the court had given a proper charge upon the subject under consideration, for which reason the fourth assignment is overruled.

[17, 18] The court correctly refused plaintiff in error's special charge No. 3, because the same was a peremptory instruction, was argumentative, and on the weight of evidence, and also for the reasons heretofore stated in overruling appellant's fourth and fifth assignments.

The sixth assignment assails the verdict of the jury on the grounds that it is excessive. As this feature of the case has heretofore been considered, we pretermit any further discussion of it here.

Finding no reversible error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.