### CALLATINO BENEVIDAS v. THE STATE.

No. 247.  Decided October 20, 1909.

Rehearing denied November 3, 1909.

**1.—Assault to Murder—Verdict by Lot.**

Where the matter of the misconduct of the jury was diligently inquired into by the trial court, and there was sufficient evidence to sustain the finding of said court that there was no such misconduct, the action of the court will not be disturbed.  Following Fox v. State, 53 Texas Crim. Rep., 150, and other cases.

**2.—Same—Charge of Court—Practice on Appeal.**

In the absence of a complaint in the motion for new trial as to the court's charge the same could not be considered on appeal.

Appeal from the District Court of Gonzales.  Tried below before the Hon. M. Kennon.

Appeal from a conviction of assault with intent to murder; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*W. B. Green*, for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.—Cited cases in the opinion.

RAMSEY, JUDGE.—Appellant was convicted in the District Court of Gonzales County on a charge of assault with intent to murder, and his punishment assessed at confinement in the penitentiary for a period of four years.

1.  There is no statement of facts in the record.  The motion for a new trial is confined to the single ground of the misconduct of the jury in that they arrived at their verdict by lot, the allegation being, in substance, that after the jury had arrived at the conclusion that appellant was guilty, that the penalty was determined in the following manner:  Eight of the jurors were in favor of assessing defendant's punishment at five years in the penitentiary, and four of the jurors were in favor of assessing his punishment at two years in the penitentiary, and that they agreed in advance that each juror should state the number of years he was in favor of assessing, and that the total sum thus agreed on should be divided by twelve, and that the quotient should be the term assessed against appellant, and that the jury should be bound by the result thus to be ascertained; and that the aggregate number of years amounted to forty-eight years, and this sum divided by twelve made the verdict of four years.  Evidence was heard on this motion, and two of the jurors, Willard and Griffin, by their testimony, in substance, affirmed the truth of the grounds contained in the motion.  This allegation, however, was, in substance, disproved by the testimony of six others of the jury.  The facts touching this matter

are authenticated in proper bill, which we have carefully examined. We held in the late case of Fox v. State, 53 Texas Crim. Rep., 150, that where the question of misconduct of jury was made the matter of diligent inquiry by and under the direction of the trial court, and there was ample evidence to sustain the findings of said court that there was no such misconduct, the action of the court will not be disturbed. It was also stated in the case of Holt v. State, 51 Texas Crim. Rep., 15, that "Where upon motion for new trial after conviction of murder the affidavit of two of the jurors claiming that the verdict was reached by lot, and nine of the jurors testified that no such agreement was made, the court was authorized under the testimony to determine that the verdict was not reached by lot." The same conclusion, in substance, was reached in the case of Goodman v. State, 49 Texas Crim. Rep., 191, and this ruling is supported by many other decisions of this court. Matters of this sort are cognizable by the trial court, and unless the conclusion there reached is clearly wrong and unsupported by the testimony, we feel like we ought not to and cannot interfere.

2. In the brief filed herein by counsel for appellant complaint is made of the court's charge. This cannot avail appellant for two reasons: In the first place, in the absence of statement of facts we would not be authorized to assume that the charge was hurtful to appellant, and, again, no complaint of the court's charge was made in motion for a new trial.

As presented, there is no error for which we would be authorized to reverse the judgment of conviction and it is accordingly affirmed.

*Affirmed.*

Brooks, Judge, absent.

ON REHEARING.

November 3, 1909.

RAMSEY, JUDGE.—Counsel for appellant calls our attention to a very patent and obvious error of fact in the opinion of the court heretofore rendered. It is therein stated that there was no statement of facts contained in the record. This statement is wholly inaccurate. Excuses for oversight in so stating are unnecessary, and considering the care we should exercise in respect to such a matter ought to be and doubtless would be unavailing. However, this misstatement of fact in no way affects the accuracy and correctness of the opinion. There was no complaint of the court's charge made in motion for a new trial, and under the terms of article 723 of our Code of Criminal Procedure, and a long line of decisions in this State, we are not authorized to consider matters raised on the appeal.

The motion for rehearing is accordingly overruled.

*Overruled.*