Houston & Texas Central Railroad Company v. William H. Gray.

App. No. 7347.  Motion No. 2588.  Decided February 14, 1912.

**1.—New Trial—Misconduct of Jury—Jurisdiction of Supreme Court.**

The discretion vested in the trial court in passing on a motion for new trial on the ground of misconduct of the jury is subject to review where it clearly appears that the rights of the parties have been disregarded. (P. 43.)

**2.—Same.**

Where a juror while engaged in considering the case stated that plaintiff ought to have a verdict for fifty thousand dollars because the lawyers would get half, the conduct was reprehensible and deserving of punishment, and should, it seems, demand a new trial if the evidence before the court on the motion therefor left it doubtful whether the amount of the verdict was affected thereby. But the court here decline to reverse a determination by the trial judge that it had not affected the verdict. (P. 43.)

Motion for rehearing of an application for writ of error by the Railroad Co. on affirmance on its appeal of a judgment for $30,000 recovered against it in the District Court of Robertson County by Gray.

*J. L. Goodman, Baker, Botts, Parker & Garwood,* and *O. L. Stribling,* for plaintiff in error, cited: Yanez v. San Antonio Trac. Co., 126 S. W., 178; Railway Co. v. Dickens, 118 S. W., 614; Railway Co. v. Swann, 127 S. W., 164.

*John Lovejoy, Presley K. Ewing,* and *Scott Field,* for appellee in appellate court.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

This court having refused the application for writ of error, a motion for rehearing was presented by the plaintiff in error.

At the trial of this case, after the jury had been charged and retired, and while engaged in the consideration of the case, one or more of the jurors stated that the plaintiff ought to have a verdict for fifty thousand dollars, because the lawyers would get half. This was very reprehensible conduct and the court might and, we believe, should have punished such juror or jurors as indulged in urging that suggestion.

The questions for us are, first, have we authority to review the action of the district judge in overruling the motion for rehearing, which assigned the action of the juror as a cause for rehearing. Second, if we have such authority, should this court set the verdict aside? This statute governs in the proceeding:

"Every such motion shall be in writing and signed by the party or his attorney; and shall· specify the ground upon which it is founded, and may be amended under leave of the court, and no grounds other than those specified shall be heard or considered. Where the ground of the motion is on account of misconduct of the jury or the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or others, by examination in open court; and if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted." (Laws 29th Legislature, Chapter 18, page 21, 1905.)

We had doubt as to the authority of this court to review the ruling of the trial court upon the motion, so far as based upon the evidence of the jurors, and requested counsel for each party to furnish arguments, to which they responded by able and helpful discussions of the question. After proper consideration given to the briefs furnished we conclude that the "discretion" expressed in the act above copied is upon the same level with the discretion vested in the trial judge in many instances and that we may review its exercise wherein it clearly appears that the rights of parties have been disregarded. If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside; but the judge who tried the case seems to have acted promptly and fairly in the investigation and we know that he could form safer conclusions from examining the jurors than this court can from the record. There is much in looking at the man who testifies.

We would suggest to the judges of the trial courts that they should, as we feel sure they will, take proper precaution to prevent such conduct by juries, and to punish it when it appears to have been willful.

*The motion for rehearing will be overruled.*