CHICAGO, R. I. & G. RY. CO. v. DE BORD.†
(Court of Civil Appeals of Texas. Amarillo. March 2, 1912. Rehearing Denied April 6, 1912.)

1. TRIAL (§ 250*)—INSTRUCTIONS.
    The charge in an action for the crushing of plaintiff, a brakeman of defendant, between the side of the tender of the engine and a coal bin, while placing a car on defendant's coal chute, that if the jury believe that the coal chute, coal bin, and track were constructed by defendant in such close proximity to each other that there was insufficient space between the side of the tender and the side of the coal bin for one riding on the side of the tender, and that "defendant failed to exercise ordinary care in the construction of said track, coal chute and coal bin," and that "such failure to exercise ordinary care in said construction," etc., submits no other negligence than that of proximity of the bin to the track, the only negligence as to construction set up in the petition, and on which only testimony was introduced.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 584–586; Dec. Dig. § 250.* ]

2. TRIAL (§ 296*)—INSTRUCTIONS—ASSUMPTION OF FACTS IN ISSUE.
    A charge is not on the weight of evidence, as assuming that the engineer failed to keep a watch, and indicating that the court thought he so failed, because of its statement, and if the jury believe "that such failure to keep," where, immediately preceding such language, it is left to jury to say whether the engineer exercised ordinary care to keep a watch.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

3. MASTER AND SERVANT (§ 204*)—INJURY TO SERVANT — ASSUMPTION OF RISK — "RISK ARISING FROM NEGLIGENCE."
    The risk from such proximity of a railroad's coal bin to the track, as not to leave space between it and the side of the tender of an engine for a brakeman, known to the company, as shown by one of its rules, is not an ordinary risk, which would be assumed by the brakeman, but one arising from the negligence of the company, within Acts 29th Leg. c 163, providing that, in an action against a rail-

road for injury to an employé caused by its negligence, the defense of assumption of risk grounded on knowledge of the danger shall not avail where the employer knew of the defect.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 204.*]

4. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACT IN ISSUE.

A paragraph of a charge directing the jury, if they find plaintiff was guilty of contributory negligence, to find for defendant, notwithstanding they may believe defendant's engineer was negligent in failing to observe and obey plaintiff's signals, is not subject to the objection of assuming plaintiff gave signals, at least when considered with a prior paragraph submitting such issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

5. TRIAL (§ 252*)—INSTRUCTIONS.

A requested instruction embodying the theory that it was under the circumstances the duty of a brakeman in going up an incline to give a slow up signal, and on reaching the top of it to give a stop signal, is properly refused, in the absence of any evidence that such method of signaling was the proper or only one to be used.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

6. TRIAL (§ 253*)—INSTRUCTIONS.

A requested instruction in an action for the crushing of a brakeman between the side of the tender of the engine, where he was riding, and the side of the railroad company's coal bin, to find for defendant if the jury believed the coal chutes, coal bins and tracks were defective, and that such defects were so open and obvious that plaintiff knew thereof, is bad, as ignoring Acts 29th Leg. c. 163, declaring that, in an action for injury to a railroad employé from negligence of the railroad, the defense of assumption of risk shall not be available, where a person of ordinary care would have continued in the service with the knowledge of the defect and danger; and also as ignoring the alleged negligence of the engineer, the real cause of the injury, in not seeing and obeying the brakeman's signals.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

7. TRIAL (§ 260*)—INSTRUCTIONS.

It is not error to refuse defendant's requested instruction presenting no affirmative defense, but being merely an affirmative presentation of the negative side of plaintiff's case, where the court's charge has stated that plaintiff has the burden of proving by the preponderance of the evidence the material allegations of his petition, and, unless he has done so, the jury will find for defendant.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260;* Carriers, Cent. Dig. § 1407.]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by Rolla De Bord against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff. Defendant appeals. Affirmed.

See, also, 132 S. W. 845.

Turner & Wharton, of Amarillo, and N. H. Lassiter and Robt. Harrison, both of Ft. Worth, for appellant. C. B. Reeder and J. B. Dooley, both of Amarillo, for appellee.

HALL, J. Appellee filed this suit in the district court of Potter county for the re-

covery of damages on account of personal injuries alleged to have been received by him while in appellant's employ. The substance of his allegations is that on the 23d day of December, 1908, while in the performance of his duties as brakeman on appellant's line of road, and while assisting in placing a box car on the coal chute at McLean, he was caught and crushed between the tender of the engine and the coal bin, and that such injury resulted from the negligence of the defendant in building said coal chute and bin too close to the track adjacent thereto, and also from the negligence of the engineer in failing to keep watch for the signals given him by appellee. The appellant pleaded a general denial, that the plaintiff assumed the risk, and was guilty of contributory negligence, in that he was well acquainted with the track and the location of the coal chute and their proximity one to the other, and in failing to keep his body out of the way of the coal chute and bin while the car was passing it. The assignments relate to errors committed by the court in his main charge, and in refusing the several special charges requested by appellant and in overruling defendant's motion for a new trial, based upon the insufficiency of the evidence to support the verdict.

[1] The first assignment complains that the court erred in the fifth paragraph of the charge, wherein the court instructed the jury as follows: "Bearing in mind the foregoing definitions and instructions, if you find and believe from a preponderance of the testimony that the plaintiff while in the employ of defendant as brakeman, on or about the 23d day of December, 1908, was engaged in the performance of his duties as brakeman at McLean, Tex., assisting in placing a car of coal in position on defendant's coal chute at said station, that he was exercising ordinary care on his part, and while so engaged he received the injuries complained of in his petition in the manner and form therein alleged, and you further believe from the evidence that said coal chute, coal bin, and the track leading thereto were constructed by defendant in such close proximity to each other that there was not left sufficient space or room between the sides of the cars and engine tender and tank when upon said track and the side of the coal bins for the safe passage of the body of an ordinary man riding on the side of the engine tender or tank, and you further believe from the evidence that the defendant failed to exercise ordinary care in the construction of said track, coal chutes, and coal bins, and that such failure to exercise ordinary care in said construction constituted negligence on the defendant's part, and was the proximate cause of plaintiff's injuries," etc., and insists that the paragraph does not limit the jury in considering defendant's negligence

with reference to the construction of the coal bins to a consideration of the issue of negligence claimed in the petition, but permits a recovery if there be any sort of negligence on the part of the defendant with reference to the construction of the coal bins. In our opinion this paragraph of the charge is not subject to criticism. That clause of the paragraph that "the defendant failed to exercise ordinary care in the construction of said track, coal chute, and coal bins" must be taken to refer to the preceding paragraph specifically directing the attention of the jury to the particular feature of their construction, viz., their proximity, which is alone set up in the petition, and upon which testimony was alone introduced, and the subsequent clause, "and that such failure to exercise ordinary care in said construction," etc., must be taken to have referred to the particular structural defects alleged and insisted upon and set out in the first part of this paragraph.

[2] Under this assignment, the objection is further urged that the portion of the charge which is as follows: "And if you further believe from the testimony that plaintiff was engaged in the performance of his duties as brakeman, assisting in placing a car of coal in position on defendant's coal chutes at said time and place, and that he was exercising ordinary care on his part, and while so engaged in the performance of his duties he received the injuries complained of in his petition, and you further believe from the evidence that it was a part of his duties to control the movements of said train through and by proper signals to the engineer in charge of the engine propelling the train and car of coal to be placed in position, and you further believe that it was the duty of said engineer, under all the circumstances, to exercise ordinary care to look out for and to receive and obey the signals of plaintiff, and you further believe from the evidence that plaintiff, in the performance of his duties, and in the exercise of ordinary care on his part, gave the proper signals to said engineer at the proper time and place to stop the train, and you further believe from the evidence that the said engineer failed to exercise ordinary care in keeping watch for and receiving plaintiff's said signals, and failed to obey the same, and you further believe from the evidence that such failure to keep watch for, receive, and obey plaintiff's said signals was negligence on the part of said engineer, and the proximate cause of plaintiff's said injuries, you will find for the plaintiff," etc., is on the weight of the evidence, in that it assumed that the engineer failed to keep a watch for signals from the plaintiff, and indicated to the jury that the court was of the opinion that the engineer so failed. The words, "And that such failure to keep watch for," when read in connection with the remainder of the paragraph immediately preceding it, is not susceptible of the construction which appellant insists should be placed upon it, and is not upon the weight of the testimony, because the charge immediately preceding the language complained of leaves it to the jury to say whether the engineer exercised ordinary care in keeping watch for and receiving appellee's signals. M., K. & T. Ry. Co. v. Snow, 115 S. W. 631, 632.

[3] Under this assignment, appellant also insists that the paragraph of the charge in question ignores the defense of assumed risk, and instructs the jury to find a verdict for the plaintiff if they believe that the defendant was guilty of negligence, and the plaintiff was not. It is contended, on the other hand, by appellee, that the defense of assumed risk cannot exist in a case where an employé is injured by a negligent defect known to the company, although it is also known to the injured party. In our opinion this position is sound. Act 1905, p. 386, provides, in any suit against a person, corporation, or receiver operating a railroad for damages caused by the wrong or negligence of such railroad resulting in death or personal injuries to an employé or servant, that the plea of assumed risk of the employé, where the ground of the plea is knowledge or means of knowledge of the defect or danger, which caused the injury or death of such employé, shall not be available (1) where such employé had an opportunity before being injured or killed to inform the employer or a superior intrusted by the employer with the authority to remedy, or cause to be remedied, the defect, does notify, or cause to be notified, the employer within a reasonable time, provided it shall not be necessary to give such information where the employer already knows of the defect; (2) where a person of ordinary care would have continued in the service with the knowledge of the defect and danger, and in such case it shall not be necessary that the servant or employé give notice of the defect as provided in subdivision 1 of the act. The evidence in this case is sufficient to show that the appellant knew of the conditions existing with reference to the proximity of its track and of an engine thereon to the coal bins and chutes. Appellant introduced in evidence its rule No. 31, notifying employés of the existence of its coal chutes near the track that "will not clear a man working on the side of a car." Appellant's master carpenter and roadmaster stated that the width between the car and chutes was the standard and customary width, and that the chutes were built close to the track as a matter of economy in shoveling coal from the car into the chutes.

The eighth paragraph of the court's charge is as follows: "When the plaintiff entered the employment of the defendant company as a brakeman, he assumed all the risks or-

dinarily incident to that particular position, and he also assumed the risks which were known to him, or that he should discover in the proper discharge of his duties as brakeman. · But plaintiff did not assume any risks or dangers caused by negligence of the defendant. Now, therefore, if you believe from the evidence that plaintiff was injured as alleged by him, and that such injury was one that resulted directly or approximately from the risk which was ordinarily incident to the employment plaintiff was engaged in or was a risk which was known to plaintiff, or that he should have discovered in the exercise of ordinary care in the discharge of his duties, and that the same was not caused by the negligence of the defendant, then you will find for the defendant and return your verdict accordingly." This charge ignores the rule that the servant· cannot close his eyes to dangers which are obvious to an ordinary man, or to an experienced servant, if he be experienced in the particular work in which he was engaged at the time of the injury, even though the master is negligent, and the error would require a reversal of the judgment, but for the provisions of the statute above quoted. The facts showing knowledge on the part of the company of such defects prior to the injury, the statute declares that appellant's plea of assumed risk based upon appellee's knowledge of the defect and the consequent danger shall not be available and we therefore conclude that by reason of such statute the error is harmless. The risk in this case is not such as can be classed as ordinary, and therefore assumed by the appellee, but under the pleadings and the evidence must be termed extraordinary; that is, arising from the default and negligence of the master. From what has been said the issues involved are reduced to the one inquiry of contributory negligence. The second assignment is overruled.

[4] The third assignment is that the ninth paragraph of the charge assumes that the plaintiff gave the signals to the ·engineer, a contention which the engineer denied while on the stand. This issue of fact had in the fifth paragraph of the charge been submitted to the jury for their determination. The ninth paragraph correctly gives the law of contributory negligence, and instructs the jury, if they should find the plaintiff guilty of contributory negligence, to find for defendant, "notwithstanding you may believe that the defendant was negligent in the construction of the coal chutes, coal bins, and tracks, and that the defendant's engineer was negligent in failing to observe and obey plaintiff's signals in the operation of said train." Even when considered alone, the charge is not subject to the objection urged by appellant, and certainly, when taken in connection with the charge as a whole, the jury could not have been misled thereby. M. P. Ry. v. Lehmberg, 75 Tex. 61, 12 S. W. 839, 840.

Appellant's special charges Nos. 2 and 3 were incorrect as propositions of law in failing to charge that the negligent acts must have proximately contributed to the injury, and the court did not err in refusing to give them.

[5] The fourth special charge requested by appellant and refused by the court embodies the theory that it was the duty of appellee in going up the incline to give a "come easy" or "slow up" signal, and, upon reaching the top of the incline, to give a "stop" signal, and that appellee's failure to do so was contributory negligence, and, further, that an ordinarily prudent person under the same circumstances would have given the signals in the order and places stated in the charge. Appellant alleged "that plaintiff's own contributory negligence defeats a recovery by him for any failure on the part of the engineer to stop said train before plaintiff's body reached the coal chutes, because it was plaintiff's duty at the time and place in question to give said engineer a 'come easy' or 'slow up' signal before the train should reach the top of the incline, and then give another signal which was a stop signal just after said train reached the top of the incline," etc. No rule of the company was introduced prescribing how signals should be given under such circumstances, and no witness testified to any fact indicating that the method of signaling the engineer as contended for by appellant was the one proper to be used by a man of ordinary care or the only ones that should be used, and there was, therefore, no evidence upon which such a charge could have been properly based.

[6] Appellant's seventh assignment of error complains of the refusal of the court to give its special charge No. 6, to the effect that if the jury believed from the evidence that the coal chutes, coal bins, and tracks were defective, and if they further believed that such defects were so open and obvious that plaintiff knew of the defects, to find for the defendant. This charge was properly refused for the reason that it ignores the question as to whether the plaintiff as a person of ordinary care would have· continued in the service with a knowledge of the defective condition of the premises as required by the above-quoted act. Laws 1905, p. 386, c. 163; M., K. & T. Ry. Co. v. Williams, 117 S. W. 1047. And it also further disregards the alleged negligence of the engineer in failing to see and obey the signals of appellee which it seems was the real and proximate cause of the injuries.

[7] The eighth assignment goes to the action of the court in refusing special charge No. 9. This charge presents no affirmative defense, but is merely an affirmative presentation of the negative side of the plaintiff's case. The first paragraph of the court's charge is: "The burden of proof is on the plaintiff to prove the material allegations in

his petition by a preponderance of the evidence, and, unless he has done so, you will return a verdict for the defendant." Under the authority of St. L. & S. F. Ry. Co. v. Dodgin, 127 S. W. 848, we hold that the court did not err in refusing this special charge.

The ninth and tenth assignments are to the sufficiency of the evidence to support the verdict, and, these matters having been submitted to the jury upon sufficient evidence to warrant their submission, we will not disturb their finding.

The eleventh assignment of error complains that the verdict of the jury is excessive. Twenty thousand dollars is a considerable sum of money to be awarded as damages to a plaintiff who is still alive and able to perform ordinary labor, but the question as to the extent of appellee's injuries, suffering, etc., was sharply contested, and we are not prepared to say, in the absence of some showing in the record, that the jury was improperly influenced, and that the verdict is excessive to an extent which would warrant us in disturbing it.

There being no reversible error apparent upon the face of the record, we are of the opinion that the judgment should be affirmed; and it is so ordered.

GRAHAM, C. J., not sitting.