ANDREWS v. YORK. (No. 5784.)

(Court of Civil Appeals of Texas. San Antonio, Jan. 31, 1917. Rehearing Denied Feb. 28, 1917.)

1. RAILROADS ☞274(1) — INJURIES TO PERSONS NEAR TRACK—NEGLIGENCE—OBSTRUCTION IN PASSAGEWAY.

A railroad is liable for negligently leaving an unlighted railway velocipede in a narrow passageway at its station which caused injuries to a policeman who fell over it.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 868.]

2. DAMAGES ☞143 — PLEADING — EFFECT ON INJURIES.

In an action for personal injuries, an allegation in the petition that plaintiff would probably lose his arm by reason of the injury is a proper allegation of the effect of the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 410, 433.]

3. APPEAL AND ERROR ☞742(1) — ASSIGNMENTS OF ERROR—STATEMENT OF EVIDENCE—PROPOSITION.

An assignment of error in submitting the issue of pain and mental anguish because there was no evidence to sustain the issue, which is not followed by any statement of the evidence, and is supported only by the proposition that damages for mental suffering cannot be recovered unless there has been physical injury, does not require a reversal of the judgment, where there was ample evidence of physical injury. ·

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000.]

4. TRIAL ☞255(11)—INSTRUCTIONS—NECESSITY OF REQUEST—MEASURE OF DAMAGES.

In an action for personal injuries, defendant cannot complain of the defendant's omission to instruct the jury as to the measure of damages where he made no request for such an instruction.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 637.]

5. NEW TRIAL ☞44(1)—MISCONDUCT OF JURORS—QUOTIENT VERDICT.

Where one juror stated at the hearing on the motion for new trial that the jury agreed to render a quotient verdict, but his statement was denied by the other eleven jurors, there was no abuse of the court's discretion in overruling a motion for new trial, since the trial court must pass upon the weight of such evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80, 105.]

6. TRIAL ☞315—DELIBERATIONS OF JURY—QUOTIENT VERDICT.

An agreement by jurors to write upon separate papers the amount for which each juror desired to find and use such papers merely as a working basis is not improper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 740–742.]

7. NEW TRIAL ☞44(1)—DISCRETION OF TRIAL COURT—MISCONDUCT OF JURY.

The determination whether misconduct of juries vitiates their verdicts rests in the discretion of the trial judge, and unless an abuse of such discretion appears the appellate courts have no authority to interfere therewith.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 80, 105.]

8. APPEAL AND ERROR ☞731(1) — ASSIGNMENT OF ERROR—EXCESSIVE DAMAGES—GENERAL ASSIGNMENT.

An assignment of error which merely asserts that a verdict for plaintiff in an action for personal injuries appears from the evidence to be grossly excessive is too general to be considered, especially when followed by a proposition which is indefinite and uncertain and which seems to assert that unless the earning power of plaintiff is affected he cannot recover for mental suffering.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3017.]

Appeal from District Court, Hidalgo County; V. W. Taylor, Judge.

Action by J. A. York against Frank Andrews, as receiver of the St. Louis, Browns-

ville & Mexico Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Claude Pollard, of Houston, and D. H. Crenshaw, Jr., of Kingsville, for appellant. John P. Gause, of Mercedes, and Arnold, Cozby & Peyton, of San Antonio, for appellee.

FLY, C. J. This is a suit for damages arising from injuries alleged to have accrued through the negligence of appellant as receiver of the St. Louis, Brownsville & Mexico Railway Company, in leaving a velocipede in its passway, over which appellee, a police officer, fell, causing injury to his arm and causing his pistol to be discharged and inflicting a wound upon his body. The cause was tried by jury, resulting in a verdict and judgment in favor of appellee for $2,375.

It was alleged in the petition that appellant had what is called a certain "walkway" for the purpose of loading and unloading freight, express, and passengers, "and over which walkway the public generally passes to and from as a part of the street or highway leading from all sides into and from said depot." It was further alleged:

"That defendant owned and operated a vehicle sometimes called a velocipede, railway motorcycle, or hand car propelled by gasoline, which was used by the inspectors on the tracks of said road, and when not in use, said vehicle was taken off the track and stored; it consisted of a motor and the extension rod the width of the railroad track, connected with a wheel with a larger wheel under the motor; that on or about the 21st day of March, A. D. 1914, the defendant, by his servants, employés, or other persons authorized by the defendant to use said vehicle, instead of storing same in a safe place, carelessly and negligently placed it across said walkway, and carelessly and negligently allowed same to remain there during the night, and carelessly and negligently failed to place a light upon said obstruction, as was his duty to do to protect and warn any and all persons walking on said walkway from injury or damage."

It was further alleged that appellee, while walking along said passageway in the night, fell over the unlighted velocipede and when he fell his pistol, which he was carrying in discharge of his duty as chief of police of Mercedes, was discharged and wounded him in the body. It was also alleged that when he fell he bruised his leg and arms, and especially his left arm at or about the elbow, which caused a malignant sore on said left arm known as sarcoma, on account of which he will probably lose his arm. The proof sustained the allegations.

[1] The first assignment of error, which states that there was neither pleading nor proof to justify a submission of any issue as to the damages sustained by appellee, is overruled. The allegations are ample, and they are sustained by the proof. Appellant was guilty of negligence in allowing an unguarded velocipede to lie at night in a passageway built for and used by the public, and is liable for the damages arising from such negligence.

[2] If it was not alleging the effect of the injuries to state that appellee would probably lose his arm by reason of the injury, it would be difficult to conceive how it could be done. A physician swore that it would be necessary to amputate the arm to get rid of the sarcoma, and if it was not removed it would eventually destroy his life. None of the authorities cited offers any ground for condemnation of the pleadings herein. Appellant is attempting, through the first assignment of error, what should have been sought through demurrers in the trial court.

[3] The second assignment of error assails the action of the court in submitting the issue as to whether appellee suffered pain and mental anguish; the ground of attack being that there was no evidence to sustain such issue. The assignment is not followed by any statement of the evidence sustaining it, nor is there any proposition raising the point. The only proposition is that damages for mental suffering cannot be recovered unless there has been physical injury. The evidence clearly shows the physical injury.

[4] The third assignment of error complains that the court failed to give the measure of damages proper in such cases, and therefore should not have submitted the issue of the amount of damages to the jury. If the court erred in not defining the measure of damages, it was an error of omission, and the error should have been cured by a request to give the measure of damages. This appellant failed to do, and cannot be heard now to complain of the omission. Oil Company v. Malin, 60 Tex. 645; Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; Railway v. Leak, 64 Tex. 654; Cockrill v. Cox, 65 Tex. 669.

[5] One of the jurors stated, in a hearing on the motion for new trial, that the jury agreed that each of the jurors would place the amount of damages he thought appellee should receive on a piece of paper, and that the aggregate amount divided by 12 should be the verdict. Ten jurors testified that no such agreement was made, and the eleventh stated that the agreement that the quotient arrived at by dividing the aggregate amount by 12 should be the verdict was not suggested until the quotient had been obtained. The court in his qualification of the bill of exceptions stated:

"That, after the court had heard all the jurors testify as to the manner of arriving at their verdict, court was of the opinion that the verdict was reached in the manner testified by Foreman Allen and ten other jurors, and not like Ed. Towell seemed to think."

It would be going to a dangerous extent to hold that a single juror could destroy the verdict of a jury of which he was a member, which would be the effect of a holding that the trial judge must accept his version of how a verdict was reached in spite of the positive denial of the other eleven jurors. Some one must be clothed with authority to pass upon the credibility of the testifying jurors, as in the case of other witnesses, and

no one is in a position to pass upon such credibility except the trial judge.

[6] The agreement of the jurors to write upon separate papers the amount for which each juror desired to find and use it as a working basis was not improper. Traction Company v. Evans, 152 S. W. 707; Railway v. Thomas, 175 S. W. 822.

[7] The statutes and decisions lodge the discretion as to misconduct of juries vitiating their verdicts in the trial judge, and, unless an abuse of such discretion appears from the record appellate courts have no authority to interfere therewith. Rev. St. art. 2021; Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889.

[8] The fifth assignment of error seeks to attack the verdict for excessiveness, but it and the proposition thereunder are too general to be considered. It was never contemplated that an assignment which merely asserts that a verdict appears from the evidence to be "grossly excessive" should be considered. Especially would this be true when followed by a proposition which is indefinite and uncertain and which seems to assert that, unless the earning power of a plaintiff is affected, he cannot recover "for mental suffering and pain," no matter how much he may have suffered. Certainly no such proposition can be sustained. Some of the cases cited in support of the proposition cannot be found in the book and pages referred to, and the others have no reference to the proposition. No evidence is pointed out to show excess in the verdict, if the assignment was sufficient; the only statement being copies of issues 7 and 8 and the answers thereto.

The judgment is affirmed.