DALLAS POWER & LIGHT CO. v. EDWARDS et al. (No. 8226.)

(Court of Civil Appeals of Texas. Dallas. Nov. 22, 1919. Rehearing Denied Dec. 20, 1919.)

1. EMINENT DOMAIN ☞224—STATEMENT OF JUROR, AS TO OFFER MADE FOR SIMILAR LAW NOT GROUND FOR NEW TRIAL.

In proceedings to condemn a 25-foot square plat of ground for steel electric transmission line tower and for easement for wires, that a juror had stated in the presence of other jurors, during the jury deliberations and before verdict, that he had been authorized to offer for similarly stiuated land $750 per acre, held not such misconduct that refusal of new trial therefor constituted abuse of discretion under Vernon's Sayles' Civ. St. 1914, art. 2021.

2. EMINENT DOMAIN ☞262(5)—IRREGULARITIES NOT AFFECTING AMOUNT OF DAMAGES HARMLESS ERROR.

Incorrect charges as to the measure of damages, improper testimony, or other irregu-larities such as an authorized statement of a juror as to value, when it can certainly be said that such matters affect only the amount of the verdict, are not ground for reversal, in the absence of any claim the verdict is excessive.

3. APPEAL AND ERROR ☞1078(5)—CLAIM NOT BROUGHT FORWARD IN BRIEF IS ABANDONED.

Claim of appellant in its motion for new trial that the verdict was excessive, not being brought forward in its brief, is to be considered abandoned.

4. EMINENT DOMAIN ☞224—CONCEALED BIAS OF JUROR; DISCRETION OF THE COURT.

In condemnation proceedings, refusal of motion for new trial of condemnor on the ground that a juror concealed upon examination on voir dire his preconceived notions and ideas as to the value of the land sought to be condemned was not an abuse of discretion, where it appeared merely that such juror knew at the time that he had been authorized by another party to pay $750 per acre for land similarly situated.

Appeal from Dallas County Court; T. A. Work, Judge.

Condemnation proceeding by the Dallas Power & Light Company against Walker G. Edwards and others. From judgment rendered, the company appeals. Affirmed.

Templeton, Beall, Williams & Callaway, of Dallas, for appellant.

Cockwell, Gray, McBride & O'Donnell, of Dallas, for appellees.

RASBURY, J. This is a proceeding by appellant in the exercise of the right of eminent domain possessed by it to condemn to its use a plat of ground 25 feet square out of an 8-acre tract owned by appellees upon which to construct a steel tower, from which to string its wires for the transmission of electricity, and to acquire an easement over and across the entire tract for its wires. The proceeding was referred in the usual way to commissioners who reported. The report was objected to by the appellees on the ground that the amount awarded for the land and easement was inadequate. The issue of the amount of damages was in turn referred to a jury, which returned a verdict for $500. Judgment followed the verdict.

The matters presented for review on appeal are not contained in the motion for a new trial, but are reflected in a bill of exceptions taken after the court had overruled the motion for a new trial and the appellant had given notice of appeal to this court. The bill discloses briefly and in substance the following facts: L. O. Pyron was among the jurors who sat in the trial of the case, and, in answer to questions propounded by counsel for appellant, under oath denied any knowledge of the

facts involved in the issue to be tried or any bias or prejudice for or against either party, and pledged himself, if chosen, to fairly and impartially try the issues on the evidence adduced and the charge of the court. Relying upon such statements and believing the juror to be fair and impartial, counsel accepted him. Upon the hearing of appellant's motion for a new trial, it was developed that the juror Pyron, during the deliberations of the jury and before a verdict had been reached, in the presence and hearing of the other jurors, stated:

"That he had been authorized by another person to offer one Woods, the owner of some overflow lands some two miles south of the city of Dallas, $750 per acre for a strip of the same, but had never submitted said offer to Woods; and that if he succeeded in buying the same he was to be allowed to use a part of it as a cow pasture in connection with his dairy."

H. D. Haskins, also a juror, testified that he heard the statement made by Pyron, and that it probably influenced him in determining the amount of damages to be awarded, inasmuch as Pyron was older than he and had had more experience in dealing in lands. Haskins further testified that he was originally in favor of awarding $250 in damages, but finally agreed to $500, to which all the other jurors assented, and that he rendered such verdict upon the evidence given by the witnesses and the law given by the court. Another juror, W. D. Davis, testified that he heard Pyron make the statement detailed, but that it did not influence him, and that he was governed solely by the evidence given by the witnesses and the law given by the court.

As indicated, the forgoing facts were not contained in appellant's motion for a new trial, but were developed upon the hearing of that motion while the jurors were being examined upon other issues raised in the motion and was the first time that counsel for appellant was cognizant of the statement of the juror Pyron. The hearing on the motion at which said facts were elicited commenced at 11 o'clock a. m. and continued until 12 o'clock m., at which time the court passed the motion until the following day at 11 o'clock a. m., at which time further argument was heard and the motion overruled. At about 3 o'clock p. m. of the same day, in the absence of appellees' attorneys and after the court had noted appellant's appeal and granted it 90 days in which to make up statement of facts and bills of exceptions, appellant prepared and presented another motion for a new trial alleging gross misconduct on the part of the jury; the gravamen of the charge being the receiving and considering of the statement of the juror Pyron already detailed. The motion was presented to the judge of the trial court, who refused to allow it to be filed and refused to consider same, on the ground that it was the last day of the term and appellees' attorney was not present, and that the motion would probably be overruled, but that he would file same if agreeable to appellees' attorney, but would not do so in his absence or without notice to him.

[1] The first assignment is the basis for the claim that the facts set out in the second motion for a new trial disclose such misconduct on the part of the juror Pyron as warranted the granting of a new trial, and that the court in refusing to consider same and denying appellant a new trial abused the discretion vested in him by article 2021, Vernon's Sayles' Civil Statutes.

We have reached the conclusion that the court did not abuse its discretion in the respect stated. The view of this court on such matters found recent expression in Andrews Lumber Co. v. Missouri, Kansas & Texas Ry. Co., 158 S. W. 1194. In that case a witness, whose expenses were paid by the defendant while in attendance upon court, and who accompanied a juror to his home pending adjournment of court and before verdict, said to the juror that another witness, for reasons detailed, had lied in testifying before the jury to a state of facts which would have sustained a verdict for plaintiff. Both juror and witness agreed that their discussion of the case should be kept secret. The trial court concluded that the facts which we have briefly recited did not constitute such misconduct as to warrant a new trial. The case was appealed, and the contention made in this court that, when the trial court has proceeded under article 2021, his action is conclusive. With that contention this court differed and held in effect that the action of the trial court was reviewable. The case reached the Supreme Court, which, through the agency of the Commission of Appeals, reversed our holding. 206 S. W. 823. If we correctly interpret the opinion of that tribunal, it held, not that the holding of the trial court could not be reviewed, but that the facts held by us to constitute misconduct did not, in its opinion, do so. As authority for reversing our decision, the Commission of Appeals relied upon H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 143 S. W. 606. The rule announced in that case, as a guide for determining whether the court had abused its discretion in refusing a new trial because of alleged misconduct, is: Did the unauthorized communication made to the jurors leave it "reasonably doubtful" as to its effect upon the verdict? That suit was one to recover damages for personal injuries (137 S. W. 729), and the facts alleged as constituting misconduct were that—

"One or more of the jurors stated that the plaintiff ought to have a verdict for $15,000, because the lawyers would get half."

Such argument or communication to the jury was held to be one that did not leave

it "reasonably doubtful" as to the effect it had upon the verdict, and as a consequence the trial court did not abuse its discretion in refusing a new trial. It thus appears that it is a matter of weighing the testimony, in the trial court, this court, and the Supreme Court, with the attendant varying impression it may make on each court. As a consequence, and in view of the facts disclosed in the cases cited, we are constrained to hold that the trial court did not abuse its discretion. We are unable to see that the statement of Pyron in the instant case can be said to have exercised greater influence on the verdict of the jurors than did the statements in the cases cited. A number of expert witnesses testified to the value of the land sought to be condemned. These witnesses knew the value of the land, and it is reasonable to suppose that the jury were controlled by such evidence rather than by the chance statement of Pyron. In the cases cited the statements to the jurors were in the one case confidential and insidious, the effect of which was difficult to estimate, while in the other it was obviously calculated, if considered at all by the jury, to increase the verdict.

[2, 3] While we have discussed the issue on its merits, it may further be said that the assignment does not present ground for reversal for the reason that it is not claimed that the verdict of the jury was excessive. Incorrect charges as to the measure of damages, improper testimony, or other irregularities, such as the unauthorized statement of the juror Pyron, when it can certainly be said that such matters affect only the amount of the verdict, are not ground for reversal, in the absence of any claim that the verdict is excessive. Railway Co. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615; Houston Elec. Co. v. Pearce, 192 S. W. 558. Appellant did in its motion for new trial charge that the verdict was excessive, alleged to be the result of passion and prejudice, and not because of the statement of the juror Pyron. The claim, however, was not brought forward in the brief, and is to be considered abandoned, even if the ground set out in the motion would cover Pyron's action, which is obviously doubtful.

[4] The second and third assignments form the basis of the further contention that the court abused its discretion in refusing appellant a new trial on the ground that the facts adduced on trial disclosed that the juror Pyron concealed from appellant upon examination on voir dire his preconceived notions and ideas as to the value of appellees' land which was the one issue in the case. It will not be denied that litigants are entitled to fair and impartial jurors, and that it is the duty of prospective jurors to disclose on examination any convictions on the issues to be tried which would disqualify them as such. At the same time, whether the juror Pyron, because he knew at the time he was selected that he had been authorized to pay $750 per acre for land similarly situated to that sought to be condemned, was not a fair and impartial juror, was as much a matter within the discretion of the trial court as was his misconduct while serving as a juror, and for which reason we are constrained also to hold that there was no abuse of the court's discretion in that respect.

The judgment is affirmed.