## SOUTHERN TRACTION CO. v. WILSON.*
### (No. 5603.)

(Court of Civil Appeals of Texas. Austin. March 22, 1922. Rehearing Denied April 19, 1922.)

1. **Appeal and error ⚫⚫978(3)—Discretion of trial judge in setting aside verdict for jury's misconduct is subject to review.**

The discretion of trial court, under Rev. St. 1911, art. 2021, to set aside a verdict for misconduct of the jury is subject to review, when it clearly appears that the rights of the parties have been disregarded, and, if the evi-dence leaves it reasonably doubtful as to the effect of misconduct on the amount of the ver-dict, the appellate court should set it aside.

2. **Appeal and error ⚫⚫1015(2)—Findings on conflicting evidence are conclusive.**

In case of conflicting evidence, the findings of the trial court on motion for new trial are conclusive.

3. **New trial ⚫⚫140(1)—Affidavits attached to motions are not evidence.**

Affidavits attached to a motion for new trial, while perhaps proper as pleadings, are not evidence.

4. **New trial ⚫⚫140(1)—Burden is upon mover to show injury from jury's misconduct.**

The burden of proof is upon the party, al-leging misconduct of the jury on motion for new trial, to show injury.

5. **New trial ⚫⚫143(5)—Evidence as to ju-ror's misconduct as to quotient verdict held not to show reversible error.**

In a damage action affidavits of jurors and their testimony showing that, after the jurors had voted defendant negligent and plaintiff en-titled to recover, they put on paper the amounts for which each would vote, and that

these were added up and divided by 12, but the jury arrived at a verdict less than the quo-tient thus obtained, and there was evidence that they had not agreed to abide by such quo-tient, and that they were not influenced there-by, held not to show reversible error in deny-ing new trial.

6. **New trial ⚫⚫44(2)—Statements of jurymen derogatory to a witness held not to require setting aside verdict.**

In an action against a traction company for injuries, juror's statements derogatory to one of the eyewitnesses, made in regard to a matter attempted to be introduced, but exclud-ed on objection, held not such material error as to make denial of new trial an abuse of dis-cretion, there being evidence that the jury had previously arrived at the conclusion that plain-tiff should recover, and such witness not hav-ing testified as to the amount of damages.

7. **New trial ⚫⚫44(4)—Whether juryman's misconduct in going to place of accident, was ground for new trial is in discretion of court.**

In an action against a traction company for injuries, that one of the jurymen, while the jury were separated, went to the scene of the accident and looked over the place, taking no measurements,· where he stated that he was entirely governed by the testimony of witness-es and that what he saw at the place of the accident had no influence on him in reaching a verdict, held, that it was in the discretion of the trial court to conclude that this misconduct was not material.

8. **New trial ⚫⚫44(3)—Refusing new trial for jurors' discussion, when deliberating on dam-ages, as to amount of attorneys' fees held not error.**

Court's refusal to grant defendant a new trial because of jurors' discussion, while de-liberating on amount of damages, as to the probable amount that attorneys would receive held not an abuse of discretion.

9. **Appeal and error ⚫⚫837(8)—New trial ⚫⚫157—That misconduct of jury affected dam-ages of which no complaint was made may be considered by trial court and by appellate court in determining whether denial of new trial was proper.**

Where plaintiff recovered damages against traction company for injuries, but did not com-plain of excessiveness of verdict, the trial court, on motion for new trial, could consider misconduct of jurors affecting damages in de-termining whether material error had been committed so as to justify denial of new trial, and appellate court could consider such mis-conduct in determining whether trial court's discretion was abused regardless of whether misconduct could be complained of as error.

### On Rehearing.

10. **Appeal and error ⚫⚫832(6)—Appellant may not complain on failure to decide un-necessary matter defensively presented on appeal by appellee.**

Where a matter was presented defensive-ly on appeal by the appellee, appellant, on mo-tion for rehearing, cannot complain of refusal

---

⚫⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted May 24, 1922.

to decide what the appellate court deems an unnecessary question.

**11. New trial ⬅=44(1)—Statute gives court discretion to determine whether jury's misconduct requires setting aside of verdict.**

Under Rev. St. 1911, art. 2021, providing for an inquiry whether the ground of a motion for new trial is misconduct of the jury or other similar reason, and that: "If the misconduct proven, or the testimony received, or the communication made be material, a new trial may, in the discretion of the court, be granted," gives the court a sound discretion to determine whether such misconduct is material, and such as requires the setting aside of the verdict.

**12. New trial ⬅=140(3)—Facts held to warrant finding that juror visiting scene of accident was probably not influenced by his observations.**

In an action against a traction company for injuries, facts in evidence *held* to warrant a finding that juror, who was guilty of misconduct in visiting the scene of the accident during the trial, was probably not influenced by the observations made.

**13. New trial ⬅=44(3)—Misconduct of jurors in discussing attorneys' fees in fixing amount of damage verdict held not material.**

In a damage action, where a juror had voted for $7,500 damages and the question of attorney's fees was discussed, and the next day he agreed to a verdict for $13,550, *held* that the mention or discussion of the attorney's fees was an impropriety, and may be regarded as improper conduct, but was not material within the meaning of Rev. St. 1911, art. 2021, providing for new trial in the court's discretion.

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by J. A. Wilson against the Southern Traction Company. A judgment for plaintiff was reversed, and the cause remanded by the Court of Civil Appeals (187 S. W. 536), and plaintiff brought error to the Supreme Court, which reversed the judgment of the Court of Civil Appeals (234 S. W. 663), and remanded the cause for determination of an assignment of error not ruled upon. Decision of the Court of Civil Appeals upon remand. Judgment of district court affirmed, motion for rehearing overruled.

W. E. Spell and Sanford & Harris, all of Waco, and Templeton, Beall, Williams & Callaway, of Dallas, for appellant.

Chas. L. Black, of Austin, for appellee.

BRADY, J. The judgment of this court, indicated in the opinion reported in 187 S. W. 536, was reversed by the Supreme Court, 234 S. W. 663, upon the principal question whether a plaintiff is entitled to recover for injuries in a case of discovered peril, notwithstanding his own contributory negligence. In other respects, the decision of this court was sustained, but the cause was remanded here for our determination of appellant's 21st assignment of error and the propositions thereunder.

The 21st assignment of error complains of misconduct of the jury in the following particulars: (a) The arrival at the amount of damages by lot; (b) misconduct of one of the jurors, in visiting the place of the accident during the trial of the case, with a view of determining some question in his mind; (c) discussion in the jury room in respect to a material witness for appellant, which was, in effect, that some of the jurors stated that such witness had, in former years, sent his own son to the reformatory; (d) the discussion and consideration by the jury, or some of the jury, of the question of attorney's fees, which influenced at least one of the jurors to agree to a much larger verdict than he would otherwise have agreed to.

These grounds were contained in the amended motion for a new trial, and supported by affidavits of four jurors. On the hearing of the motion, these four jurors testified, in open court. In addition to their testimony, it was agreed that all the other jurors would testify that they were not influenced by the statements and misconduct contained in the motion, and that they need not be placed on the witness stand.

[1] The rules of law, relevant to the correct disposition of the questions raised in such assignment are thought to be as follows: The discretion vested in the trial court by the statute (article 2021, Revised Statutes, 1911), to set aside a verdict for misconduct of the jury, is not an arbitrary one, but is subject to review when it clearly appears that the rights of the parties have been disregarded. If the evidence taken by the trial judge leaves it reasonably doubtful as to the effect the misconduct had upon the amount of the verdict of the jury, an appellate court should exercise its authority to set it aside. Great deference should be shown to the conclusions of the trial judge, who has the witnesses before him, and who is in a position to form safer conclusions from examining the jurors than the appellate court can from the record. Houston & Tex. Central R. Co. v. Gray, 105 Tex. 43, 143 S. W. 606.

[2] In case of conflicting evidence, the findings of the trial court are conclusive. Kalteyer v. Mitchell, 102 Tex. 390, 117 S. W. 792, 132 Am. St. Rep. 889; Ry. Co. v. Andrews Lbr. Co. (Tex. Com. App.) 206 S. W. 823; Ry. Co. v. Smithers (Tex. Civ. App.) 228 S. W. 637; Benevides v. State, 57 Tex. Cr. R. 170, 121 S. W. 1107; Andrews v. York (Tex. Civ. App.) 192 S. W. 338; Ry. Co. v. Cook (Tex. Civ. App.) 214 S. W. 539; Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134.

⬅=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**[3, 4]** Affidavits attached to a motion for new trial, while perhaps proper as pleadings, are not evidence. Ry. v. Kelley (Tex. Civ. App.) 142 S. W. 1005; Ry. v. Wells (Tex. Civ. App.) 146 S. W. 670; Hines v Parry, (Tex. Civ. App.) 227 S. W. 339. The burden of proof was upon the party alleging misconduct to show injury. Hines v. Parry (Tex. Civ. App.) 227 S. W. 339.

**[5]** Passing to the consideration of the several grounds of misconduct alleged, we will first examine the matter involved in the claim that the verdict was arrived at by lot. The evidence discloses that, after all the jurors had voted that the traction company was guilty of negligence, and that the plaintiff was entitled to recover, some juror suggested that each juror put down on a piece of paper the amount of damages for which he would vote, and that these amounts should be added up and divided by twelve, which was done. The quotient arrived at was slightly in excess of $15,400. There was evidence that the jury had not agreed in advance to be bound by the resulting amount, and in fact they did not do so, the verdict being for $13,550. There is evidence also showing that the jury did not ever agree to abide by the result stated, and that they were not influenced thereby in reaching the verdict, which was finally determined by discussions bringing the jurors nearer together, and virtually by compromise of views. There being ample evidence to justify the conclusion that this conduct did not result in a verdict by lot nor influence the jury, we hold that there was no reversible error in this respect.

**[6]** Considering next the matter of the statement by one or more jurors during the discussion of the case of certain statements derogatory to Mr. Little, who was an eyewitness to the accident, and was introduced by appellant, it is to be kept in mind that this witness did not testify in relation to the amount of damages, and there is evidence that the jurors had already arrived by vote at the conclusion that the plaintiff should recover before any discussion concerning Mr. Little took place. It appears from the evidence that one or more jurors did state, in the jury room, that he or they believed or knew that Judge Yantis, an attorney in the case, had stated the truth during the trial about Mr. Little's having prosecuted his own son and sent him to the reformatory. It appears that this question was asked during the trial, but an objection thereto was sustained. All the evidence is to the effect that this circumstance did not influence the jury in returning a verdict. The trial court was justified in concluding that it had no effect on the verdict, and that it was not such material error as warranted him in setting the verdict aside.

**[7]** It appears also that one of the jurors during the trial went up to the place where the accident happened. It was at noon while the jury were separated, and the juror's reason for going to the scene may be stated in his own language:

"I went up there to see what the place looked like as near as I could tell about it, just to satisfy myself, sorter."

He took no measurements, but testified that he concluded that, if the motorman had been running his car at a reasonable rate of speed, he could have seen the plaintiff in time to have stopped the car and prevented the collision. However, this juror is not shown to have communicated his observations to the other jurors, and he positively testified that what he saw at the scene of the accident had no influence on him in reaching the verdict, and that he did not consider it in any way in agreeing to the verdict. He was governed entirely by the testimony of the witnesses on the stand. There was not the slightest evidence that any other juror was influenced thereby, and we think it was within the sound discretion of the trial court to conclude that this misconduct was not material.

**[8]** This brings us to a consideration of the most serious phase of this issue. It is clear that, after the jury had voted that the plaintiff should recover, and while there was a wide divergence of opinion as to the amount of damages which should be awarded, ranging from about $7,500 to $25,000, there was the mention or discussion of what attorney's fees the counsel for plaintiff would probably receive. Some of the jurors suggested that the attorneys would likely receive 25 per cent., others a third, and still others one-half of the recovery. However, the record shows that every juror testified, or would testify that he was not influenced thereby in reaching the amount of the verdict. Moreover, it was shown to be a matter of general knowledge that attorneys in damage suits are usually paid on the basis of a part of the recovery. There is evidence showing that the statements of the jurors as to the amount the attorneys would receive was merely a matter of opinion, and one of the jurors rebuked the jury for discussing this matter, stating that it was improper.

The chief difficulty we have had in this connection arises from the testimony and attitude of the juror Moore. This juror appears to have made an affidavit, attached as an exhibit to the motion, in which he stated that he was influenced in raising the damages from $7,500 for which he originally voted, to $13,550 by reason of the discussion and consideration of attorney's fees. However, on the witness stand he virtually repudiated this affidavit and would not admit the fact of being influenced. Our difficulty as to the effect of the testimony of this wit-

ness has been due to these statements in his testimony:

"I cannot say what effect that discussion had on me. Of course, it was in my mind· at the time, but I cannot say that it affected me to a great extent. It is a hard question for me to answer as to whether it affected me or not at all."

There is much plausibility in the argument that, if the juror himself was uncertain on such a material matter, then the court should be. However, it must be remembered that the trial judge knew that this juror had previously given an affidavit very favorable to the traction company, and that he positively testified that he was governed by the evidence in finally reaching his verdict, and that, in his judgment,· the evidence before the jury would have supported a much larger verdict. In other portions of his testimony, he stated that the verdict was finally arrived at, as far as he was concerned, by a compromise of view with those jurors who favored a much larger amount. As was stated by Chief Justice Brown, in Ry. Co. v. Gray, supra:

"If the evidence taken by the trial judge left it reasonably doubtful as to the effect the statement had upon the amount of the verdict of the jury, we would feel inclined to exercise our authority and set it aside; but the judge who tried the case seems to have acted promptly and fairly in the investigation, .and we know that he could form safer conclusions from examining the ,jurors than this court can from the record. There is much in looking at the man who testifies."

The Gray Case was decided by this court, reported in 137 S. W. 729. The verdict there was for $30,000, and it appears that one of the jurors was for $50,000 damages, upon the ground that appellee's attorneys would get one-half of what was recovered. This court held that this was but an expression of opinion, and did not constitute reversible error. The Supreme Court denied a writ of error, writing on rehearing the .opinion above referred to. Considering all the facts in the record, and that we are not permitted to consider the affidavits as evidence, and the deference which should be shown to the conclusions of the trial judge, looking at the jurors who testified, we are unable to conclude that the evidence taken by him left it reasonably doubtful as to the effect the alleged misconduct had upon the amount of the verdict. Therefore, we feel constrained to hold on this phase a misconduct, as on the others, that no abuse of the discretion of the trial court has been shown.

[9] Counsel for appellee, as an additional ground for upholding the action of the trial court, calls attention to the fact that there .was, neither in the court below, nor is there here, any complaint that the verdict is excessive, and it is urged that, under these circumstances, the alleged misconduct could not in any event present reversible error. The following authorities are cited in support of this view. Ry. Co. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615; Dallas Power & Light Co. v. Edwards (Tex. Civ. App.) 216 S. W. 910; Electric Co. v. Pearce, (Tex. Civ. App.) 192 S. W. 558; Southern Traction Co. v. Dillon (Tex. Civ. App.) 199 S. W. 698.

We do not find it necessary to decide this question, but believe it proper to say that we do think this was a matter within the discretion of the trial court to consider, in relation to resulting injury or prejudice of the alleged misconduct. The statute vests the trial judge primarily with the discretion to determine whether the misconduct is so material as to require the setting aside of the verdict. Regardless of the conclusiveness of a failure to complain of the verdict as excessive, we think appellee's counsel is right in contending that it is at least entitled to consideration in determining whether the trial court abused his discretion in overruling the motion. The matters complained of all occurred after the jury determined liability, and they necessarily relate, in effect, to the amount of damages.

We have given the questions discussed our most careful consideration, because several acts of misconduct are claimed, and because of the unusual features to which we have directed attention, relating to the affidavit of the juror Moore. Nevertheless, we are convinced that our conclusions are correct, under the tests recognized by the Supreme Court, and that no reversible error having been shown, the judgment should be affirmed

Affirmed.

## On Rehearing.

[10] Counsel for appellant, in motion for rehearing, ask us to squarely decide the question whether the failure to assign error, in the motion for new trial or on appeal, complaining of the excessiveness of the verdict, would cut appellant off from relying upon misconduct of the jury to vitiate the verdict. In the original opinion, we declined to decide that .question, because deemed unnecessary. We did indicate our view that this was a matter proper for the trial court to consider, in the exercise of his discretion in determining whether material injury had been done.. The effect of our holding is that we did not sustain appellee's contention that appellant was precluded from complaining of the alleged misconduct of the jury, because it had no assignment of the character under discussion. This court simply declining to pass upon the question. Inasmuch as this matter was presented defensively on appeal by the appellee, we do not see how appellant

could complain of our refusal to decide what we deem an unnecessary question; therefore, we leave this matter as originally determined.

[11] Counsel also insist that this court has, in effect, decided that there was misconduct, although not directly so deciding; and that, if misconduct has been shown or found by the trial court, there is no place for discretion on the part of the trial judge. We cannot assent to this view. The terms of the statute itself seem to furnish a refutation of the argument. Article 2021, Revised Statutes, which controls, provides for an inquiry by the court, whether the ground of the motion is misconduct of the jury or other similar reasons, but concludes with this significant language:

"If the misconduct proven, or the testimony received, or the communication made be material, a new trial may, in the discretion of the court, be granted."

Here is expressly statutory recognition of the fact that, even if misconduct be proven, there is vested in the trial court a sound discretion to determine whether such misconduct is material and, as such, requires the setting aside of the verdict. We think we correctly stated the law when we said that this discretion is not an arbitrary one, but is subject to review above, and will be revised only when shown to have been abused.

[12] We are asked to make certain additional findings of fact, with which we will, to some extent, comply. As to the conduct of the juror who visited the scene of the accident during the trial, we think our findings on this question are already sufficiently full, but, in deference to counsel, we will make these specific findings: (a) One of the jurors, during the trial of the case, visited the scene of the accident to see what the place looked like and to satisfy himself to some degree; (b) that the said juror concluded that, if the motorman had been running his car at a reasonable rate of speed, he could have seen the plaintiff in time to have stopped the car and prevented the collision. We decline to make the finding that this juror was probably influenced by the observations thus made; but, on the contrary, in view of the evidence, we conclude that he probably was not influenced by such observations. These findings are in addition to those stated in the opinion.

[13] We further find that the juror Moore, before the mention or discussion of attorney's fees occurred, had made up his mind to give $7,500 damages, and so voted; that when the question of attorney's fees arose, this was the first time Moore had thought of it. The next day he agreed to a verdict for $13,550. The mention or discussion of attorney's fees was an impropriety and may be regarded as improper conduct, but was not material within the meaning of the statute. As to the juror Moore, we further find that he did not testify directly that the reference to attorney's fees did or did not influence him in reference to returning a verdict. The substance of his testimony on this matter is stated in the original opinion correctly.

[14] We further find that four days after the return of the verdict, the juror Moore furnished the attorneys for the traction company with an affidavit, which was attached to the motion for a new trial, in which he stated that except for the fact that he wanted to provide for Mr. Wilson's attorney's fees and other expenses, so as to give him about $7,500, he would not have consented to a verdict for more than that sum. As heretofore found, however, this affidavit was substantially repudiated and contradicted by the juror on the stand, and was not considered as evidence, although it was read by the trial judge. The affidavit states that Mr. Moore was influenced in agreeing to a verdict for more than $7,500, by reason of the discussion of attorney's fees, but his testimony was sufficient to justify a contrary finding. We do not deem it necessary to make any more specific findings on this matter, as his testimony fully appears in the bill of exception.

Believing that the motion for rehearing presents no ground warranting us in receding from the original opinion, it is overruled.

Motion overruled.